IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JIBREEL LEWIS | : | CIVIL ACTION |
| v. | : | |
| | : | No. 16-4930 |
| | : | |
| THE COMMONWEALTH OF | : | |
| PENNSYLVANIA, *et al*. | : | |

## MEMORANDUM

**KEARNEY, J.**                                                                                                    **December 14, 2016**

Presently incarcerated Jibreel Lewis sued the Commonwealth of Pennsylvania, Judge Byrd of the Philadelphia County Court of Common Pleas, a former assistant district attorney, his former defense attorney and the Superintendent of SCI Forest seeking release from incarceration and money damages under 42 U.S.C. § 1983.[1]  Proceeding *pro se,* he appears to challenge his state court murder conviction and sentence.  He cannot state civil rights claims against these Defendants, requiring we dismiss his claims under 28 U.S.C. § 1915(e)(2)(B)(ii).

*Analysis*

**A.  Mr. Lewis cannot sue the Commonwealth for damages under Section 1983.**

The Eleventh Amendment to the United States Constitution prohibits actions for damages against a state in federal court unless the state has waived its immunity.[2]  The United States Supreme Court instructs "[a] state is not a person within the meaning of § 1983."[3]  There is no waiver of state immunity applicable to this case. Mr. Lewis' claims against the Commonwealth of Pennsylvania are dismissed.

**B.  Mr. Lewis cannot sue judges immune from civil rights damages.**

Judges have absolute immunity from civil rights actions seeking money damages for actions

performed in a judicial capacity.[4]  Nothing in Mr. Lewis' Complaint suggests Judge Byrd acted outside her judicial capacity in connection with the criminal case, conviction and sentence.   Absent any such allegation, we dismiss the civil rights claims for damages against Judge Byrd.

### C.  Mr. Lewis cannot sue prosecutors immune from liability for official acts.

The doctrine of absolute immunity shields prosecutors from liability related to their official acts.[5]   A prosecutor is absolutely immune from liability for money damages under § 1983 for acts "within the scope of his duties in initiating and pursuing a criminal prosecution."[6]

We dismiss Mr. Lewis' claims against former assistant district attorney McCann because he does not allege any facts suggesting the assistant district attorney acted outside of the scope of his prosecutorial duties.

### D.  Mr. Lewis does not allege the Superintendent violated a right.

To sue under 42 U.S.C. § 1983, Mr. Lewis must allege a person acting under color of state law deprived him of his constitutional rights.[7]  Mr. Lewis fails to allege the Superintendent of SCI Forest violated his constitutional rights.

### E.  Mr. Lewis cannot sue his former defense lawyer for civil rights violations.

A defense attorney, whether court-appointed or privately retained, represents only his client, and not the state, and cannot be sued under § 1983.[8]  J. Michael Farrell, Esquire, Mr. Lewis's criminal defense attorney, may not be sued in this civil action, and we dismiss the claims against Mr. Farrell.

### F.  Mr. Lewis cannot state a civil rights claim even if given leave to amend.

Mr. Lewis alleges these Defendants illegally convicted and sentenced him for murder.   "To recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm

caused by actions whose unlawfulness would render a conviction or sentence invalid, a §1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus[.]"[9] Mr. Lewis does not plead a court reversed or invalidated his murder conviction.

In his prayer for relief, Mr. Lewis seeks release from incarceration. Such a request may only be brought in a petition for a writ of *habeas corpus*, not in a civil rights action.[10]

We generally provide a *pro se* incarcerated plaintiff with leave to amend unless amendment would be inequitable or futile.[11] Here, as he sued immune parties and cannot plead a court reversed or invalidated his conviction and cannot obtain release through a civil rights action, we deny Mr. Lewis leave to amend to assert a civil rights action because amendment is futile.

---

[1] Mr. Lewis failed to list all of his defendants in the caption of his complaint as required by Fed.R.Civ.P. 10 but because he listed them as Defendants on page two (2) of his Complaint, we consider his claims against all defendants.

[2] U.S. Const. amend. XI; *Edelman v. Jordan*, 415 U.S. 651 (1974).

[3] *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 64 (1989).

[4] *Stump v. Sparkman*, 435 U.S. 349 (1978).

[5] *Imbler v. Pachtman*, 424 U.S. 409, 417-19 (1976).

[6] *Id.* at 410.

[7] *West v. Atkins*, 487 U.S. 42 (1988).

[8] *Polk County v. Dodson*, 454 U.S. 312 (1981).

[9] *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (footnote and citation omitted).

[10] *Preiser v. Rodriguez,* 411 U.S. 475 (1973).

---

[11] *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).